UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

     Plaintiff,

v.

D1- Mahmoud Abdul-Aziz Bazzi,

     Defendant.

Case: 5:21−cr−20473
Assigned To : Levy, Judith E.
Referral Judge: Patti, Anthony P.
Assign. Date : 7/19/2021
Description: INFO USA v. BAZZI (SO)

VIO:  Count One: 18 U.S.C. § 1343 – Wire Fraud

Count Two: 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

Count Three: 18 U.S.C. § 545 Smuggling Goods into the United States

Forfeiture Allegation

---

INFORMATION

---

THE UNITED STATES ATTORNEY CHARGES:

**<u>COUNT ONE</u>**
(18 U.S.C. § 1343 – Wire Fraud)

D-1 MAHMOUD ABDUL-AZIZ BAZZI

Beginning on a date unknown, but from at least on or about January 2020, and continuing until at least on or about May 2020, in the Eastern District of Michigan, Southern Division, and elsewhere, MAHMOUD ABDUL-AZIZ BAZZI devised and

1

intended to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

It was part of the scheme that BAZZI obtained credit card and debit card information relating to accounts in the names of other persons. BAZZI obtained this information without the authorization of those other persons.

It was part of the scheme that BAZZI purchased stolen credit card and debit card information in bulk via online marketplaces, such as "The Pirate Ship."  The Pirate Ship (prtship.cc) is a website accessible through a "TOR" network that facilitates the discussion, purchase, and sale of information related to fraud.  The "TOR" browser masks the identity of the participants.  BAZZI maintained the username "Mbreak" to communicate on "The Pirate Ship," where he purchased the stolen identities.

It was part of the scheme that BAZZI obtained credit card information for at least 38 credit and debit cards, without the card holders' authorization, including the credit card information of Victim A. Victim A, a resident of Kansas, did not authorize BAZZI to use his credit card information.  Victim A never met BAZZI, never spoke with BAZZI, and did not know that BAZZI had obtained his personal identifying information, until being informed by law enforcement.

It was also a part of the scheme that BAZZI used credit and debit card information relating to accounts in the names of other persons to obtain things of

value. BAZZI used this credit and debit card information without the authorization of the true account holders. In doing so, BAZZI fraudulently misrepresented that he had authority to engage in the transactions that he was conducting.

It was also a part of the scheme that BAZZI misrepresented and concealed his true identity while using the credit and debit card information relating to accounts in the names of other persons.

It was also a part of the scheme that BAZZI took possession and attempted to take possession of fraudulently-acquired things of value and caused others to take possession of fraudulently-acquired things of value.

It was further part of the scheme that BAZZI concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence, purpose and acts done in furtherance of the scheme.

### Use of the Wires

On or about the dates specified as to count 1 below, in the Eastern District of Michigan and elsewhere, BAZZI, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce, the signals and sounds described below for Count 1.

| COUNT | DATE | DESCRIPTION |
|---|---|---|
|  |  |  |

3

| 1 | 1/16/2020 | $99.88 Dollars, from a credit card belonging to Victim A. |
|---|---|---|

## COUNT TWO
(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

D-1 MAHMOUD ABDUL-AZIZ BAZZI

On or about January 16, 2020, in the Eastern District of Michigan, the Defendant, MAHMOUD ABDUL-AZIZ BAZZI, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, Victim A's credit card account number, during and in relation to a felony, namely a violation of Title 18, United States Code, Section 1343, as alleged in Count One of the Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THREE
(18 U.S.C. § 545 – Smuggling Goods into the United States)

D-1 MAHMOUD ABDUL-AZIZ BAZZI

Between on or about January 1, 2019, and May 24, 2020, in the Eastern District of Michigan, the defendant, MAHMOUD ABDUL-AZIZ BAZZI, fraudulently and knowingly did conceal and facilitate the transportation of merchandise imported contrary to law, to wit; a quantity of Carisoprodol, a Schedule IV Controlled Substance, after the importation thereof, the defendant, MAHMOUD ABDUL-AZIZ BAZZI, then knowing that said merchandise had been imported and

brought into the United States contrary to law, in that Title 21, Code of Federal Regulations, Section 1312.11, prohibits the importation of controlled substances/anabolic steroids without the express authorization of the Drug Enforcement Administration, all in violation of Title 18, United States Code, Section 545.

## FORFEITURE ALLEGATION

(18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(B),
18 U.S.C. § 545, 28 U.S.C. § 2461(c) – *Criminal Forfeiture*)

The allegations contained in Counts 1 and 3 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Sections 982(a)(2)(B) and 545 and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 (wire fraud), set forth in Count 1 of the Information, Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c).

Upon conviction of the offense in violation of Title 18, United States Code, Section 545, set forth in Count 3 of the Information, Defendant shall forfeit to the United States, any property constituting, or derived from, proceeds obtained, directly

5

or indirectly, as a result of the smuggling offense pursuant to 18 U.S.C. § 982(a)(2)(B), and any merchandise introduced into the United States in violation of § 545, or the value thereof, pursuant to 18 U.S.C. § 545 and 28 U.S.C. § 2461(c).

The forfeiture in this case may include, but is not limited to, entry of a forfeiture money judgment.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and Title 28, United States Code, Section 2461(c), if any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third party;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek to forfeit any other property of the defendant up to the listed value.

SAIMA S. MOHSIN
Acting United States Attorney


_____          _____
Julie A. Beck                            Robert Jerome White
Assistant United States Attorney         Assistant United States Attorney
Chief, Drug Task Force

7

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>5:21-CR-20473 |
|---|---|---|

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.**

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)[1]**: | **Judge Assigned:** |
| ☐ **Yes**    ☒ **No** | **AUSA's Initials:**   s/RW |

**Case Title:** USA v.  Mahmoud Abdul-Aziz Bazzi

**County where offense occurred :**  Wayne

**Check One:**    ☒ **Felony**          ☐ **Misdemeanor**          ☐ **Petty**

_____Indictment/__✓__Information --- **no** prior complaint.
_____Indictment/_____Information --- based upon prior complaint [**Case number:**                    ]
_____Indictment/_____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Mahmoud Abdul-Aziz Bazzi | 18 U.S.C. § 1343<br>18 U.S.C. § 1028A(a)(1)<br>18 U.S.C. § 545<br>18 U.S.C. § 981(a)(1)(C) | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

July 19, 2021
Date

s/Robert White
Robert White
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9620
Fax:   313-226-3265
E-Mail address: Robert.White@usdoj.gov
Attorney Bar #:  IL 6304282

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.